IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHABIB SIDDIQI,<br>on behalf of plaintiff and the class<br>members described below,<br><br>             Plaintiff,<br><br>    vs.<br><br>DYNAMIC RECOVERY<br>SOLUTIONS, LLC;  and<br>PINNACLE CREDIT<br>SERVICES, LLC,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Shabib Siddiqi seeks redress from unlawful collection practices engaged in by defendants Dynamic Recovery Solutions, LLC; and Pinnacle Credit Services, LLC ("Pinnacle"), contrary to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), and 28 U.S.C. §§1331 and 1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications and activities impacted plaintiff within this District, and

   b. Defendants do business within this District.

## PARTIES

9. Plaintiff resides in the Northern District of Illinois.

10. Defendant Dynamic is a limited liability company organized under South Carolina law with principal offices at 135 Interstate Boulevard, Suite 6, Greenville, South Carolina 29615.

11. Dynamic has a web site (http://www.gotodrs.com/), where it describes its business as follows: "With more than 50 combined years in the accounts receivables industry, our managing partners founded Dynamic in 2008. We are professionally staffed to provide nationwide consumer and commercial collection services to organizations including Banking, Student Loans, Heath Care, Retail, Telecommunications, Utilities, Legal, and Real Estate. Our strong track record in the late stage market, continued investment into the latest Technology and

Analytics, and our commitment to quality, has positioned DRS as leader in receivables management outsource solutions."

12. Dynamic is engaged in the business of collecting charged-off consumer debts.

13. Dynamic uses the mails and telephone system in conducting business.

14. Dynamic is a "debt collector" as defined in the FDCPA.

15. Pinnacle is a limited liability company organized under Minnesota law with principal offices at 625 Pilot Road, Suite 2, Las Vegas, Nevada 89119. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

16. Pinnacle purchases, or claims to purchase, charged-off debts incurred for personal, family or household purposes, including credit card debts, and enforcing those debts against the consumers. This is its only business.

17. Pinnacle pays an average of less than ten cents on the dollar for the debts it purchases.

18. Pinnacle regularly uses the U.S. Postal Service, and telephone and electronic wire communications, in communication with its debt collector address.

19. Pinnacle has been the plaintiff in more than 100 lawsuits seeking to collect consumer debts.

20. Pinnacle is a "debt collector" as defined in the FDCPA.

**FACTS**

21. Defendants have been attempting to collect from plaintiff an alleged credit card debt incurred, if at all, for personal, family or household purposes.

22. On or about July 31, 2017, defendant Dynamic, acting on behalf of defendant Pinnacle, sent plaintiff the letter attached as Exhibit A.

23. The debt was beyond the statute of limitations.

24. Exhibit A offers a series of settlements and payment plans.

25. Exhibit A states, "The law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it."

26. Exhibit A does not disclose that making a payment as requested may restart the statute of limitations.

## COUNT I – FDCPA

27. Plaintiff incorporates paragraphs 1-26.

28. Exhibit A violates 15 U.S.C. 1692e, 1692e(2) and 1692e(10). *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017).

29. Section 1692e provides:

> **§ 1692e.   False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)   The false representation of--**
>
> **(A)   the character, amount, or legal status of any debt; . . .**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

30. Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

31. The Pinnacle class consists of (a) all individuals with Illinois addresses, (b) to whom a letter was sent on behalf of Pinnalce to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d) which letter offered a settlement or a payment plan (e) and did not state that any payment may restart the statute of limitations, (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action

32. The Dynamic class consists of (a) all individuals with Illinois addresses, (b) to whom Dynamic Recovery Solutions, LLC sent a letter to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d) which letter offered a settlement or a payment plan (e) and did not state that any payment may restart the statute of limitations, (f) which letter was sent on or after June 22, 2017.

33. On information and belief, based on the use of form letter and the fact that debts are normally purchased, sold and placed in portfolios of debts of like nature and vintage, each class is so numerous that joinder of all members is not practicable.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants' letters were misleading.

35. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

37. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the classes are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Statutory damages;

    ii. Any actual damages incurred by class members, including all amounts paid on time-barred debts;

      iii.      Attorney's fees, litigation expenses and costs of suit;

      iv.      Such other and further relief as the Court deems proper.


                              <u>s/Daniel A. Edelman</u>
                              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

    Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                    s/Daniel A. Edelman
                    Daniel A. Edelman

**DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                              s/Daniel A. Edelman
                                                              Daniel A. Edelman