IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS NAVARROLI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>V.<br><br>LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, L.L.C., and FIRSTSOURCE ADVANTAGE, L.L.C.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 1:17-cv-05373<br><br>Judge Robert M. Dow, Jr. |

| | | |
|---|---|---|
| SHABIH SIDDIQI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>V.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC and PINNACLE CREDIT SERVICES, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 1:17-cv-06126<br><br>Judge Robert M. Dow, Jr.<br>Hon. M.J. Mary M. Rowland |

**ORDER CONDITIONALLY CERTIFYING CLASS
AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

Having considered the parties' Joint Motion for Preliminary Approval, the Court hereby

grants preliminary approval of the Class Action Settlement Agreement ("Agreement") reached

between the parties, Plaintiffs Nicholas Navarroli and Shabih Siddiqi, individually, and on behalf

of a Settlement Class of similarly situated persons and Defendants LVNV Funding, LLC,

1

Pinnacle Credit Services, LLC, Resurgent Capital Services, L.P., Alegis Group, L.L.C., Firstsource Advantage, L.L.C., and Dynamic Recovery Solutions, LLC. The motion came on for hearing on October 4, 2018 at 9:15 a.m. Having considered the Motion and supporting papers, the Agreement and the Exhibits attached thereto, the Court issues the following Order:

I.       This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement") and all terms defined therein shall have the same meaning in this Order as set forth therein.

2.       The Court hereby preliminarily approves the Agreement and the settlement embodied therein. The Court preliminarily finds that this case meets the requirements for class certification under FED. R. CIV. P. 23.  The Court further preliminarily finds that the Agreement appears to provide for a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation, particularly in light of the fact that Defendants have agreed to pay to the Class more than 100% of the maximum statutory liability under the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, which forms the basis of this action. It further appears that as a result of speedy, voluntary discovery counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this Action. Additionally, it appears that the proposed settlement was reached as a result of intensive, non-collusive, arms-length negotiations.

3.       A hearing ("Fairness Hearing") shall be held before this Court on **April 23, 2019 at 9:30 a.m**. in Courtroom 2303 of the United States District Court for the Northern District of Illinois, located at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn

Street, Chicago, IL 60604, to determine all necessary matters concerning the settlement and the terms of the Agreement, including: whether the proposed settlement of the Action on the terms and conditions provided should be finally approved by the Court as fair, adequate, and reasonable to the Class Members; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the Court should finally approve the payment for the named plaintiffs; and the amount of attorney fees and costs to be awarded Class Counsel.

4. The Court hereby approves, as to form and content, the proposed "Notice of Class Action" ("Notice") attached as Exhibit C to the Agreement. The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Agreement meets the requirements of due process under the Constitution and FED. R. CIV. P. 23(e); and that such Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the Class, the right to object or opt out, and the proposed settlement and its terms.

5. For purposes of effectuating this settlement, the Court preliminarily certifies a Settlement Class consisting of:

> All individuals in the State of Illinois, whose accounts were serviced by Resurgent Capital Services, L.P. ("Resurgent") and to whom, during the Class Period, Resurgent or a collection agency that it engaged sent or caused to be sent a collection letter on a time-barred debt which failed to disclose that making a payment on such debt could potentially restart the statute of limitations.

Excluded from the Class is:

a.     any person who is a plaintiff or participating class member who did not timely exclude themselves from the Class Settlement in the action styled *Teifeld v. Dynamic Recovery Solutions, LLC and Crown Asset Management, LLC*, Case No. 1:17-cv-04072, pending in the United States District Court for the Northern District of Illinois, Eastern Division, currently before the Honorable Sharon Johnson Coleman.

b.     any person who is already subject to an existing release;

c.     any person who has filed for bankruptcy protection under Title 11 of the United States Code as of the date of the Conditional Certification Order;

d.     any Class Member who timely mails a request for exclusion; and

e.     any person who was sent the Letter by or on behalf of any of the companies comprising DEFENDANTS, as that term is defined in Paragraph 1.12 of the Agreement, but whose Letter was returned as undeliverable, based on DEFENDANTS' records.

6.     The Class Period runs from July 21, 2016, through the date of this order.

7.     For purposes of effectuating this settlement, the Court hereby appoints Plaintiffs Nicholas Navarroli and Shabih Siddiqi as the class representatives for the settlement Class, and the following attorneys are appointed as Class Counsel:

> Cassandra P. Miller
> Edelman, Combs, Latturner & Goodwin, LLC
> 20 South Clark Street, Suite 1500
> Chicago, IL 60603
> (312) 739-4200

8.     First Class, Inc. is appointed as the settlement administrator ("Administrator").

9.     The Class Notice shall be distributed to the Class as follows: On or before **January 29, 2019**, The Administrator will print, copy, and mail the Class Notice to the Class

Members at the most current address reflected in Defendants' records, with a notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address the Administrator shall run such Class Member through the National Change of Address database to seek a good address and it shall re-send the Notice to any Class Member for whom it is able to obtain a new address as a result of such search. The Administrator will use its best efforts to provide prompt re-sending of any returned notices. However, Defendants and their attorneys shall not be responsible the failure of the Postal Service to timely deliver or return a class notice. The Administrator shall have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is seven days prior to the Final Fairness Hearing.

8.     Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by **April 22, 2019**. Class Members who wish to exclude themselves from (opt out of) the Class and the proposed settlement must mail a written request for exclusion to the Court as well as Class Counsel and Counsel for Defendant postmarked no later thanApril 1, **, 2019**, which is no less than two (2) weeks prior to the Final Fairness Hearing. In any such written request for exclusion, the Class Member must set forth his or her full name and address, together with a statement to the effect that that he or she chooses to be excluded from or opt out of the Class.

9.     Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the settlement.

10.     No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representative's award unless not later than **April 1,**

**2019**, which is no less than two (2) weeks prior to the Final Fairness Hearing, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Counsel for Defendants a written notice of intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

11.    Any such notice of objections shall include:

    (1)    a statement of each objection being made;
    (2)    a detailed description of the facts underlying each objection;
    (3)    a detailed description of the legal authorities underlying each objection;
    (4)    a statement of whether the objector intends to appear at the Final Fairness Hearing;
    (5)    a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Final Fairness Hearing; and
    (6)    a list of exhibits which the objector may offer during the Final Fairness Hearing, along with copies of all of the exhibits.

12.    Unless otherwise agreed by both Defendants and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court or fail to timely serve such objections on Class Counsel and counsel for Defendants, shall not be heard during the Final Fairness Hearing and the Court will not consider their objections.

13.    Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendants or any of their officers, directors, shareholders, members, managers, general and limited partners, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use of the form letters that are at issue in this case.

14.    This Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendants concerning (1) any alleged liability, fault, or wrongdoing by Defendants; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other

than settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the settlement is not approved or consummated for any reason whatsoever, the settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

IT IS SO ORDERED.

Dated:12/11/2018

_____

HON. ROBERT M. DOW, JR. .
UNITED STATES DISTRICT JUDGE