IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS NAVARROLI,<br>on behalf of himself and all<br>others similarly situated,<br><br>　　　　Plaintiff,<br><br>V.<br><br>LVNV FUNDING, LLC,<br>RESURGENT CAPITAL SERVICES, L.P.,<br>ALEGIS GROUP, L.L.C., and<br>FIRSTSOURCE ADVANTAGE, L.L.C.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 1:17-cv-05373<br><br>Judge. Robert M. Dow, Jr. |

---

| | | |
|---|---|---|
| SHABIH SIDDIQI,<br>on behalf of himself and all<br>others similarly situated,<br><br>　　　　Plaintiff,<br><br>V.<br><br>DYNAMIC RECOVERY SOLUTIONS,<br>LLC and PINNACLE CREDIT<br>SERVICES, LLC,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 1:17-cv-06126<br><br>Judge Robert M. Dow, Jr.<br>Magistrate Judge Mary M. Rowland |

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") in the above-captioned case between: (a) Plaintiffs Nicholas Navarroli and Shabih Siddiqi, individually, and on behalf of a Settlement Class of similarly situated persons; and (b) Defendants LVNV Funding, LLC, Pinnacle Credit Services, LLC, Resurgent Capital Services,

L.P., Alegis Group, L.L.C., Firstsource Advantage, L.L.C., and Dynamic Recovery Solutions, LLC, was reached after arms-length negotiations between counsel for all parties, and is entered into as of September 28, 2018.

**RECITALS:**

A.     The Class Members are a class of individuals (as defined below) on whose behalf Plaintiffs filed separate class action complaints. Because the classes in the separate actions overlapped, the Court granted, at the parties' request, a consolidation of the cases.

B.     Plaintiffs' Complaints allege that Defendants violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*), and that such alleged violations render Defendants liable for statutory damages, costs, and reasonable attorneys' fees. Plaintiffs do not allege that the conduct at issue caused them any actual damages, and Defendants represent that based upon their policies and procedures, Defendants not to restart the statute of limitations on a time-barred debt or sell a time-barred debt.  Based on Defendants' representation, Plaintiffs believe that it is unlikely that class members suffered actual damages from Defendants' failure to disclose that a payment by a class member could restart the statute of limitations. Moreover, the simple process for opting out of the Class provides an easy mechanism for any Class member who believes that (s)he does have actual damages to avoid the Class Release and pursue such alleged damages.

C.     Defendants deny both factually and legally that they are liable in any way to Plaintiffs or the Class they seek to represent, deny that their actions violated state or federal law in any manner, and assert that even if Plaintiffs were

to prevail, Defendants' maximum class liability is limited by 15 U.S.C. § 1692k(a)(2) to approximately $120,000.00, and that the conduct at issue is not so extreme or pervasive as to warrant imposition of the maximum statutory damages. Nevertheless, Defendants conclude that the further conduct of this litigation by them would be protracted and expensive, and that it is desirable that this litigation be fully, finally and forever settled in the manner set forth in this Agreement. Defendants are therefore willing to enter into this Agreement to avoid the further expense and inconvenience of litigation and to buy peace and resolve and settle all claims which have been made or could be made against it by Plaintiffs and the Class arising out of the alleged statutory violations.

D.    Class Counsel (defined below) have considerable experience in handling class actions and consumer protection cases. Class Counsel have analyzed the facts and law relevant to this litigation, and they recognize the substantial expense and delay associated with the continued prosecution of this litigation against Defendants through trial and through appeals. Further, Class Counsel are mindful of the limitations on any possible statutory damages recovery to the Class, and they recognize that protracted litigation is unlikely to serve the best interests of the Class.

E.    Based on Class Counsel's extensive analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case the maximum potential award to the Class Members is limited, and pursuant to the advice of Class Counsel, Plaintiffs believe that a settlement on the terms set forth herein is fair, adequate, and reasonable, and thus in the best interest of the Class.

F.     Based on the extensive analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case the maximum potential award to the Class Members is limited, Defendants believe that this settlement with the Class on the terms set forth below is fair, adequate, and reasonable.

G.     The Parties are desirous of entering into, and obtaining approval of this Agreement, pursuant to FED. R. CIV. P. 23, in order to fully and finally resolve all claims and disputes arising out of or related to Plaintiffs' claims of violations of the FDCPA by Defendants or any of their officers, directors, shareholders, members, employees, agents, or representatives (in their capacities as such).

## ARTICLE I
## DEFINITIONS

When used in this Settlement Agreement, the following terms shall mean:

1.1     "AGREEMENT" means this Settlement Agreement in the above-captioned case.

1.2     "BUSINESS DAY" means any day on which national banks are open for the conduct of general business.

1.3     "CLASS" means a class conditionally certified for purposes of settlement only, and in accordance with the terms of this Agreement only, which is described as:

> All individuals in the State of Illinois, whose accounts were serviced by Resurgent Capital Services, L.P. ("Resurgent") and to whom, during the Class Period, Resurgent, or a collection agency that it engaged, sent or caused to be sent collection letter on a time-barred

debt which failed to disclose that making a payment on such debt could potentially restart the statute of limitations ("the Letter"). Excluded from the Class are:

a.  any person who is a plaintiff or participating class member (all class members who did not timely exclude themselves from the Class Settlement Agreement) in the action styled *Teifeld v.Dynamic Recovery Solutions, LLC and Crown Asset Management, LLC*, Case No. 1:17-cv-04072, pending in the United States District Court for the Northern District of Illinois, Eastern Division, currently before the Honorable Sharon Johnson Coleman.

b.  any person who is already subject to an existing release;

c.  any person who has filed for bankruptcy protection under Title 11 of the United States Code as of the date of the Conditional Certification Order;

d.  any Class Member who timely mails a request for exclusion; and

e.  any person who was sent the Letter by or on behalf of any of the companies comprising DEFENDANTS, as that term is defined in Paragraph 1.12 below, but whose Letter was returned as undeliverable, based on DEFENDANTS' records; and

f.  any Class Member who timely mails a request for exclusion.

1.4   "CLASS COUNSEL" means Edelman, Combs, Latturner & Goodwin, LLC, and for purposes of any notice(s) provided for herein, to the attention of Cassandra P. Miller (#33882).

1.5 "CLASS MEMBERS" means those persons who are a part of the Class and who do not fall within the above-stated exclusions set forth in Paragraph 1.3.

1.6 "CLASS NOTICE" means the Court-approved notice, in a form substantially similar to that attached hereto as ***Exhibit C***.

1.7 "CLASS PERIOD" means the period from July 21, 2016 to the Preliminary Approval Date as defined below.

1.8 "CONDITIONAL CERTIFICATION MOTION" is defined in Section 2.1(A) of this Agreement.

1.9 "CONDITIONAL CERTIFICATION ORDER" is defined in Section 2.1(A) of this Agreement.

1.10 "CONSUMMATION DATE" means the date upon which all obligations and duties of the Parties under this Agreement have been effectuated.

1.11 "COURT" means the United States District Court for the Northern District of Illinois.

1.12 "DEFENDANTS" means LVNV Funding, LLC, Pinnacle Credit Services, LLC, Resurgent Capital Services, L.P., Alegis Group, L.L.C., Firstsource Advantage, L.L.C., and Dynamic Recovery Solutions, LLC, and includes all officers, directors, shareholders, members, general and limited partners, agents, employees, representatives, attorneys, and insurers (in their capacities as such) of Defendants.

1.13 "FINALITY DATE" means one (1) Business Day after the Court has entered the Final Order and Judgment, and the time for perfecting an appeal of such Final Order and Judgment has expired with no appeal taken; final

dismissal of any appeal taken; or affirmance of the Final Order which is not subject to further review by any court with appellate jurisdiction over the Litigation.

1.14 "FAIRNESS HEARING" means the hearing to be conducted by the Court pursuant to FED. R. CIV. P. 23 to consider the fairness, adequacy, and reasonableness of the settlement reflected in this Agreement.

1.15 "FINAL ORDER AND JUDGMENT" means the final order and judgment to be entered by the Court approving this Agreement as fair, adequate, and reasonable under FED. R. CIV. P. 23, confirming certification of the Class for settlement purposes only, enjoining future litigation by the Class Members, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, which shall be in substantially the same form as the attached *Exhibit D*.

1.16 "INITIAL NOTICE DATE" means the deadline set by the Court for the mailing of the Class Notice, which shall be not fewer than thirty (30) days after the Preliminary Approval Date.

1.17 "LITIGATION" means the above-captioned cases.

1.18 "PARTIES" means the Class Members (including Plaintiffs), and Defendants.

1.19 "PRELIMINARY APPROVAL DATE" means the date that the Court enters its order granting the Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement, in a form substantially similar to that attached hereto as *Exhibit B*.

1.20 "RELEASED CLAIMS" means:

A.     For Plaintiffs, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that he or his heirs, executors, administrators, successors, assigns, clients, and attorneys (in their respective capacities as such) may have against Defendants or any of Defendants' principals, subsidiaries, and affiliate entities, partners, officers, directors, shareholders, members, managers, general and limited partners, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys (in their respective capacities as such) as of the date of this Agreement, it being Plaintiffs' intent to release all claims of any kind or nature, known or unknown, arising pursuant to contract, tort, common law, statute, or regulation, that they may have against the parties herein released from the beginning of time up to the date of this Agreement.

B.     For the Class, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that the Class or the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys could assert against Defendants or any of Defendants' principals, subsidiaries, and affiliate entities, partners, officers, directors, shareholders, members, managers, general and limited partners, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys (in their respective capacities as such) as a result of alleged violations of the Fair Debt Collection Practices Act or any

state law providing substantially similar protections based upon the sending of a letter, on a time-barred debt that was serviced by Resurgent, where the letter failed to disclose that making a payment could potentially restart the applicable statute of limitations during the CLASS PERIOD.

1.21 This Agreement and the settlement embodied herein shall not release any debt that is allegedly owed by any Class Member, nor shall this settlement operate as an accord and satisfaction of such debts. Nothing in this release shall affect the rights of any Class Member to dispute the debt or assert any defenses as to the validity of the debts Furthermore, for the purposes of 15 U.S.C. § 1692c Plaintiffs' counsel expressly represent that unless they have given notice to any of the Defendants of individual representation, they do not represent the members of the Class in connection with such debts and that their representation is limited solely to their role as Class Counsel in this case and in connection with the claims that are the subject of this Settlement Agreement such that Defendants are entitled to communicate directly with those debtors not expressly represented by them for purposes of attempting to collect an alleged debts.

1.22 For Defendants, as additional consideration, Defendants and anyone acting on behalf or through any Defendant, release and forever discharge all claims, actions, causes of action, demands, rights, damages, costs, and attorneys' fees against the Plaintiffs and hereby represent and warrant to cease all collection efforts (including any reporting to any of the national credit reporting agencies) against Plaintiffs and further represent and warrant not to

sell, assign or otherwise transfer any alleged debt owed by either Plaintiff to any other person or entity.

## Article II
### TERMS AND CONDITIONS OF THE SETTLEMENT

Plaintiffs and Defendants agree to the following settlement, subject to the terms and conditions of this Agreement and the terms and conditions of the incorporated documents. The relief provided for under this Agreement is in full satisfaction of all of Defendants' liability for all Released Claims (as defined above) of Plaintiffs and all of the Class Members.

2.1    *Class Action Settlement Procedures*

A.    Plaintiffs and Defendants shall file a Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement with the Court (the "Conditional Certification Motion") seeking entry of an Order Conditionally Certifying the Class and Granting Preliminary Approval of Settlement (the "Conditional Certification Order") which would (1) certify, for settlement purposes only, a class pursuant to FED. R. CIV. P. 23; (2) preliminarily approve this Agreement, the proposed notice to the Class regarding the settlement terms and Final Fairness Hearing (the "Class Notice"); and (3) direct that the Class Notice be distributed to the Class in the manner described below. The Conditional Certification Motion and the Conditional Certification Order shall be in a form substantially similar to those attached hereto and incorporated herein by reference as ***Exhibits A*** and ***B***, respectively. The Class Notice shall inform the Class of the nature of this litigation, the proposed settlement, and the right of Class Members to object or opt out, and shall be in a form substantially

similar to that attached hereto and incorporated herein by reference as **Exhibit C**. The Class Notice shall be distributed by mailing a copy of the notice to each class member as described below.

B.     If not already provided, within 5 (five) days of the entry of the Preliminary Approval Order, Defendants' Counsel shall provide Class Counsel with the list of Class Members names and addresses, according to Defendants' records. Within 10 (ten) days after the date of the Final Approval Order, the Settlement Administrator will provide Class Counsel and Defendants' Counsel with an updated list of claimants including any updated address information received. If final approval is granted, the Parties shall retain the class list and a list of Class Members who opted in or excluded themselves for six months following the Effective Date, and may destroy them after that period.

C.     The parties will mutually agree upon a Class Administrator ("the Administrator"). No later than thirty (30) days after the entry of the Conditional Certification Order, the Administrator will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendants' records, with a notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address the Administrator shall run such Class Member through the National Change of Address database to seek a good address and it shall re-send the Notice to any Class Member for whom it is able to obtain a new address as a result of such search. The Administrator will use its best efforts to provide prompt re-sending of any returned notices. However, Defendants and their

attorneys shall not be responsible for the failure of the Postal Service to timely deliver or return a class notice. The Administrator shall have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is seven days prior to the Final Fairness Hearing.

D.     The cost of providing notice, administrating the notice and distributing checks to the Class shall be borne by Defendants. Defendants will provide, prior to the Final Fairness Hearing, a sworn declaration from the Administrator attesting to service of the Class Notice upon the Class.

E.     Defendants agree to support the entry by the Court of the Conditional Certification Order. Such certification, and Defendants' agreement to support such certification, shall be expressly conditioned upon the Court's approval of the Final Order and Judgment. Furthermore, Plaintiffs and their attorneys will support the Settlement and will take no action inconsistent with such support.

F.     Plaintiffs and Defendants shall file a Joint Motion for Approval of the Final Order and Judgment (the "Final Settlement Motion") seeking the entry of the Final Order and Judgment, finally approving the Agreement following the Fairness Hearing before the Court. Among other things, the Final Order and Judgment shall include provisions which dismiss the Litigation with prejudice, approve the terms of this Agreement including the proposed relief to the Class, and grant the individual and class releases described in this Agreement.

G.     Defendants' agreement to support the Preliminary and Final Settlement Motions, for purposes of this Agreement only, shall be without prejudice to any *status quo ante* defenses, rights, or positions in the Class

Actions. In the event this Agreement is not approved by the Court, or if approval of this Agreement, including the entry of the Conditional Certification Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or any one of the conditions precedent set forth in Article V of this Agreement is not met or any termination right under Section 6.2 of this Agreement is exercised, then the Conditional Certification Order and the Final Order and Judgment, including, but not limited to, the conditional class certification entered to effectuate this Agreement, and all findings of fact and conclusions of law therein, shall be automatically dissolved without further order of the Court, null and void and of no force and effect, and in such event all *status quo ante* rights of Defendants to, among other things, (i) oppose any subsequent efforts by the Plaintiffs to certify the actions as class actions, and (ii) assert all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiffs and the Settling Class. The Conditional Certification Order and the Final Order and Judgment shall so provide.

2.2     *The Class.* The Class is defined in Section 1.3 above.

2.3     *Settlement Consideration.* Subject to the terms of this Agreement, Defendants agrees to provide the following relief to Plaintiffs and the Class:

A.     Defendants shall pay to the Class a total Class Settlement Fund of (1) $125,000.00 and (2) $2.40 for each class member in excess of 53,407 members from whom a release is sought, which Defendants represent is more than one percent of the combined net worth of Defendants LVNV and Pinnacle.

B.     Distribution of the Settlement Fund shall be made on a claims-made basis, *i.e.*, Class Members who wish to claim their share of the Settlement Fund must submit a claim in the form that will accompany the Class Notice. The Settlement Fund will be divided equally among all Class Members who timely submit claim forms. All distribution checks to the Class will expire after ninety (90) days. The proceeds of any uncashed distribution checks shall be redistributed pro rata to those class members whose distribution checks were presented for payment, unless such redistribution would be in the amount of less than $10.00 per class member. All redistribution checks to the Class will expire after ninety (90) days. Any funds remaining in the fund after the second distribution, or remaining in the fund after the first distribution if no second distribution is made, will be distributed as a *cy pres* distribution in equal sums to the Legal Assistance Foundation of Metropolitan Chicago, Prairie State Legal Services, and Land of Lincoln Legal Assistance Foundation.

C.     Plaintiff Nicholas Navarroli will be paid the total amount of $2,500.00 for his individual claim for statutory damages and his service to the Class. Plaintiff Shabih Siddiqi will be paid the total amount of $5,000.00  for his individual claim for statutory damages and his service to the Class. All amounts approved by the Court as damages and service as class representatives will be paid separate and apart from the Class Settlement Fund.  LVNV will also release the debt allegedly owed to it by Mr. Navarroli and request deletion of its trade line regarding such debt and forward proof of such request for deletion to Class Counsel within seven

(7) days of such request. Pinnacle will also release the debt owed to it by Mr. Siddiqi and request deletion of its trade line regarding such debt and forward proof of such request for deletion to Class Counsel within seven (7) days of such request. It is expressly agreed by the parties that the relief provided for in this provision, is a result of a "contested liability" that was disputed in good faith. Defendants make no warranty that the credit reporting agencies will honor such deletion requests, and Defendants, upon providing proof of the requested deletions to Class Counsel, shall have no liability to Plaintiffs if the credit reporting agencies do not delete the tradelines.

D.      As a non-monetary part of the settlement, Defendants will, on a going-forward basis, make the following statements in any letter seeking payment from a consumer whose mailing address is in the Seventh Circuit, on a time-barred debt that is serviced by Resurgent:

> The law limits how long you can be sued on a debt. Because of the age of your debt, [Debt Owner Name] cannot sue you for it. Please note that making a payment on a time-barred debt has the potential to restart the statute of limitations for suit on the debt. However, it is the policy of [Debt Owner Name] (a) never to file suit on a debt after the original statute of limitations has expired and (b) never to sell such a debt.

Such disclosure shall be made until and unless the holding of the Seventh Circuit in *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017) is overruled by case law, regulatory guidance, or amendment of the FDCPA.

E.      Subject to Court approval, Class Counsel will be paid the total sum of $45,000.00 as compensation for their reasonable and necessary

attorney's fees in service to Plaintiffs and the Class. Such amount as is approved by the Court as reasonable and necessary attorney's fees shall be separate and apart from the Settlement Fund to the Class. Class Counsel will file their fee petition 30 days after the entry of the Conditional Certification Order.

F.     Defendants shall bear the costs of notice (including any address searches as described above), administration and of distribution of the settlement funds.

2.4    *Opting Out of the Class.*

A.     The Preliminary Approval Order that is submitted to the Court shall provide that Class Members who wish to exclude themselves (opt out) of the Class and the proposed Settlement must mail a written request for exclusion to the Class Administrator no later than 60 days from the date of mailing of the Class Notice  who shall, within 7 days of the receipt of such request, forward copies to Class Counsel and Counsel for Defendants.

B.     In any such written request for exclusion, the Class Member must set forth his or her full name and address, , together with a statement to the effect that he or she wishes to be excluded from or opt out of the Class.

C.     Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

D.      If more than one percent of the Class Members timely send written requests for exclusion (opt out of the Class Action Settlement), Defendants shall have the right, but not the obligation, to withdraw from the Settlement. Such an election by Defendants shall be made in writing and sent to Class Counsel within ten (10) days after the deadline for submitting requests for exclusion specified above.

2.5     *Class Members' Release and Exclusive Remedy.*

A.      Upon entry of the Final Order and Judgment, each Plaintiff shall be deemed to have expressly agreed to be bound by the Release as set forth in this Agreement in Paragraph 1.20 A.

B.      Upon entry of the Final Order and Judgment, each Class Member who does not timely request to be excluded from this Settlement, shall be deemed to have expressly agreed to be bound by the Release as set forth in this Agreement in Paragraph 1.20 B.

C.      Upon entry of the Final Order and Judgment, Defendants agree to be bound by the Release as set forth in this Agreement in Paragraph 1.20 C.

B.      The relief described herein is the exclusive method of recovery and exclusive remedy for all Class Members who do not submit a valid and timely request for exclusion, for any, and all of the Released Claims and shall be in lieu of any other remedy or right of action against the Released Persons for the Released Claims. Accordingly, the Released Persons shall not be subject to liability of any kind to any Class Member who does

submit a valid and timely request for exclusion, with respect to any of the Released Claims, other than as set forth in this Agreement.

C.      Each Class Member, who does not timely exclude themselves, shall, upon the Court's entry of a Final Order and Judgment, be enjoined by that Order from instituting or maintaining any action for the Released Claims against the Released Persons. The Court's Final Order and Judgment shall enjoin such actions for the Released Claims.

2.6      *Class Counsel's Attorney's Fees and Expenses.* Class Counsel will seek from the Court an award of their reasonable attorney's fees and costs, to be paid by Defendants. Should the Court approve a lesser amount of fees and costs, such approval shall not be a basis for any party to withdraw from this Agreement. Regardless of the amount of fees approved by the Court, in no event will Defendants pay a total amount in excess of the amounts set forth in this Agreement, except to the extent that additional fees and expenses are incurred to enforce the terms of this Agreement as a result of any Defendant's failure to perform under the Agreement.

2.7      *Attorney's Fees of Individual Class Members.* Any Class Member who does not submit a valid and timely request for exclusion or other person may be represented by counsel of his or her choice, but all fees and expenses of such counsel, if other than Class Counsel paid under Section 2.6 above, shall be paid by the Class Member or other person.

2.8      *Objection Period for Class Members.*

A.      Class Members shall be afforded an opportunity to object to the Settlement. Subject to approval of the Court, objectors shall be

required to notify the Court, Class Counsel and counsel for Defendants, in writing, of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment. However, Class Members who object to the Settlement may also appear at the Fairness Hearing and express their objection to the Settlement without notice to the Court and Counsel if the Court finds that good cause exists for non-compliance with the requirements of this paragraph.

B.      Subject to Court approval, the Conditional Certification Order will require that such notice of objections shall include:

(1)     a statement of each objection being made;
(2)     a detailed description of the facts underlying each objection;
(3)     a detailed description of the legal authorities underlying each objection;
(4)     a statement of whether the objector intends to appear at the Fairness Hearing;
(5)     a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and
(6)     a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

C.      Subject to Court approval the Conditional Certification Order shall further provide:

Class Members, and all other interested persons shall file such notice of objections with the Court and serve such notice of objections upon Class Counsel and counsel for Defendants no later than _____, 2018 [which shall be a date no later than 60 days from the date of mailing of the Class Notice].

**ARTICLE III**
**REPRESENTATIONS AND WARRANTIES**

CLASS ACTION SETTLEMENT AGREEMENT
PAGE 19

3.1    *Representations and Class Counsel's Warranties.* Class Counsel represent and warrant that they believe the settlement set forth in this Agreement is in the best interest of the class.

*3.2    Representations and Warranties of the Plaintiffs.* Plaintiffs represent and warrant as follows:

A.    that on the date of execution of this Agreement they are the owners of the individual claims asserted in the Lawsuits, that they have not assigned, pledged (except to their attorneys), sold or otherwise transferred such claims (or an interest in such claims), and that on the Finality Date, they will own such claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses; and

B.    that they will not ever assert that this Agreement constitutes an admission by Defendants that any claim or fact alleged by any party in the Class Action is true or correct, and that they acknowledge that Defendants have always and consistently expressly denied any liability or wrongdoing whatsoever in connection with matters that are the subject of the Class Actions.

### ARTICLE IV
### CONDITIONS TO CONSUMMATION OF THE SETTLEMENT

5.1    *Conditions.* The foregoing agreements of Plaintiffs and Defendants are subject to the accuracy of the representations and warranties contained in this Agreement and to the performance by the parties hereto of their obligations under this Agreement in all material respects. Additionally, Defendants'

obligation to provide the class relief described herein shall be subject to the satisfaction of each of the following conditions to on or prior to the Consummation Date (unless such conditions are waived by Defendants):

A. the Finality Date shall have occurred;

B. the Court shall have approved and signed a Final Judgment in substantially the same form as the attached ***Exhibit D*** that includes a release of all of the Released Claims;

C. Defendants and Plaintiffs shall have been furnished with such additional documents as may be reasonably required in order to implement the transactions contemplated by this Agreement; and

D. the representations and warranties contained in Article III of this Agreement shall be true and correct as of the date of execution of this Agreement.

### ARTICLE V
### MISCELLANEOUS PROVISIONS

6.1     *Appeals.* In the event that an appeal is taken by a Class Member or any other person from the Conditional Certification Order or the Final Order and Judgment, the parties to this Agreement agree to support the position on such appeal that the order or orders appealed from should be affirmed in its or their entirety, and to file briefs or other appropriate court papers in support of that position. Nothing contained herein, however, shall prejudice the rights of Plaintiffs, Class Counsel, or Defendants to appeal from any order of the Court that is inconsistent with the orders contemplated by this Agreement.

6.2     *Termination.* This Agreement shall be terminable by Plaintiffs, Class Counsel and Defendants upon five (5) Business Days written notice in the event that any of the terms, conditions, or representations of the Agreement are not adhered to by the Court or by the Plaintiffs or Class Counsel. If this Agreement is terminated, Plaintiffs, Defendants, and each of the Class Members shall be deemed to be in the same position as existed prior to its execution, with the same

*status quo ante* rights and interests as they may have had absent the entry by Defendants and Plaintiffs into these settlement discussions, and this Agreement and all other understandings and agreements between the parties and their respective counsel relating to the settlement, shall be deemed to be null and void and of no force and effect. In that event, the parties will jointly notify the Court of the need to decide Plaintiffs' Motion for Class Certification as a contested motion.

6.3    *Distribution of Settlement Funds.* Subject to Approval of the Court, the settlement funds will be distributed as follows:

A.    At least fourteen (14) days prior to the Fairness Hearing, Defendants shall wire all settlement funds required under Section 2.3 of this Agreement to the Administrator to be held in trust until the Finality Date.

B.    Within ten (10) days after the Finality Date, checks representing the distribution due to Plaintiffs and Class Counsel described above will be mailed by the Administrator to Class Counsel.

C.    Within twenty-one (21) days after the Finality, checks representing the distribution due to the Class pursuant to to Section 2.3A of this Agreement will be mailed by the Administrator in accordance with the terms of this Agreement. Each such check will bear a notation indicating that it expires ninety (90) days after the date of the check.

D.    The administrator shall further implement the redistribution and *cy pres* procedures described above.

6.4    *Entire Agreement.* This Agreement, including all referenced Exhibits, is the entire agreement of the Parties. All antecedent or contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

6.5    *Modification.* No modification of this Agreement may be made, except by written agreement executed by Plaintiffs, Class Counsel, and Defendants, and approved by the Court.

6.6    *Notices.* All notices between and to Class Counsel and Defendants required under this Agreement shall be sent by first class U.S. mail, by hand delivery, by facsimile, or by e-mail to the recipient designated in this Agreement. The timeliness of all submissions and notices shall be measured by the date that is three (3) days after the date of the postmark (if sent by mail), or by the date of receipt (if hand delivered or sent by facsimile or e-mail). The persons designated to receive notice are as follows:

> Daniel A. Edelman (#34230)
> Cassandra P. Miller
> Edelman, Combs, Latturner & Goodwin, LLC
> 20 South Clark Street, Suite 1500
> Chicago, IL 60603
> Fax: (312) 419-0379
> info@edcombs.com
> fgreene@edcombs.com

> CLASS COUNSEL

and:

> Manuel H. Newburger
> Barron & Newburger, P.C.
> 7320 N. MoPac Expy., Suite 400

Austin, TX 78731
Fax: 512-279-0310
mnewburger@bn-lawyers.com

ATTORNEY FOR DEFENDANTS

6.7    *Execution in Counterparts.* This Agreement may be executed in any number of counterparts and each of which when so executed shall be deemed an original and all of which taken together shall constitute one and the same Agreement.

6.8    *Applicable Law.* This Agreement and the rights and obligations of the Parties shall be governed by and shall be construed and enforced in accordance with the laws of the United States and the State of Illinois without regard to any conflict of law provision in said laws of the State of Illinois that might otherwise require the application of the laws of a jurisdiction other than that of the State of Illinois to the performance, validity, construction, or enforcement of this Agreement.

6.9    *Headings.* Article and Section headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.

6.10   *Benefit of Agreement.* The Agreement shall be binding upon and inure to the benefit of the parties hereto, the Class Members, the Released Persons, and their respective successors, heirs, and assigns. Nothing in this Agreement is intended or shall be construed to give any other person or entity any legal or equitable right, remedy or claim under or in respect to this Agreement or any provision herein entered.

5.13 *Best Efforts.* All signatories to this Agreement and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

5.14 *Parties Are Equal Drafters.* The parties shall be deemed to have drafted this agreement equally, and the settlement documents shall not be construed strictly against Plaintiffs or Defendants.

Dated: September 28, 2018.

Nicholas Navarroli
For himself and the Class

_____
Shabih Siddiqi,
For himself and the Class

Attorneys for Nicholas Navarroli,
Shabih Siddiqi and the Class

_____
Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
Edelman, Combs, Latturner
& Goodwin, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603

LVNV Funding, LLC

By: _____
Anne Heethneek  An Authorized Representative
Printed Name          Title

Pinnacle Credit Services, LLC,

By: _____
Ajay Grayson, Authorized Representative
Printed Name          Title

Resurgent Capital Services, L.P.

By: _____
Amanda Hammond, Authorized Representative
Printed Name          Title

Alegis Group, L.L.C.

By: _____
Stephen Himmerich  Authorized
Printed Name          Title Representative

Firstsource Advantage, L.L.C.

By: _____
James Duke
Printed Name          Title General Counsel

Dynamic Recovery Solutions,
LLC

5.13 *Best Efforts.* All signatories to this Agreement and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

5.14 *Parties Are Equal Drafters.* The parties shall be deemed to have drafted this agreement equally, and the settlement documents shall not be construed strictly against Plaintiffs or Defendants.

Dated: September 28, 2018.

_____
Nicholas Navarroli
For himself and the Class

_____
Shabih Siddiqi,
For himself and the Class

Attorneys for Nicholas Navarroli,
Shabih Siddiqi and the Class

_____
Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
Edelman, Combs, Latturner
& Goodwin, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603

LVNV Funding, LLC

By: _____
Anne Herthneck An Authorized Representative
Printed Name                Title

Pinnacle Credit Services, LLC,

By: _____
Ajay Grayson, Authorized Representative
Printed Name                Title

Resurgent Capital Services, L.P.

By: _____
Amanda Hammond, Authorized Representative
Printed Name                Title

Alegis Group, L.L.C.

By: _____
Printed Name                Title   Representative

Firstsource Advantage, L.L.C.

By: _____
James Duke
Printed Name                Title  General Counsel

Dynamic Recovery Solutions,
LLC

By: _____

_____
Printed Name                    Title

Manuel H. Newburger
Attorney for Defendants

_____

Corinne C. Heggie
Attorney for Defendants

By:

_____

Cristy Manst, CCO

Printed Name                          Title

_____

Manuel H. Newburger
Attorney for Defendants

## /s/ Corinne C. Heggie

_____

Corinne C. Heggie
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS NAVARROLI, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | CIVIL ACTION NO. 1:17-cv-05373 |
| LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, L.L.C., and FIRSTSOURCE ADVANTAGE, L.L.C., | ) ) ) ) ) | Judge. Robert M. Dow, Jr. |
| Defendants. | ) | |

| | | |
|---|---|---|
| SHABIH SIDDIQI, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 1:17-cv-06126 |
| V. | ) ) ) | Judge Robert M. Dow, Jr. Magistrate Judge Mary M. Rowland |
| DYNAMIC RECOVERY SOLUTIONS, LLC and PINNACLE CREDIT SERVICES, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## FUNDING ADDENDUM TO CLASS ACTION SETTLEMENT AGREEMENT

This is an addendum to the Class Action Settlement Agreement ("Agreement") in the above-captioned case. Plaintiffs Nicholas Navarroli and Shabih Siddiqi on the one hand, and Defendants LVNV Funding, LLC and Pinnacle Credit Services, LLC (the "Funding Defendants") on the other.

Pursuant to this Addendum the Class Action Settlement is amended to replace Paragraph 5.3 "Distribution of Settlement Funds" with the following Paragraph and Provision:

5.15. ***Distribution of Settlement Funds***. Subject to Approval of the Court, the settlement funds will be distributed as follows:

A.    At least seven (7) days prior to the final Fairness Hearing, the Funding Defendants shall wire all settlement funds required under Section 2.3 of this Agreement to Class Counsel. to be held in trust until the Finality Date.

B.    Upon the Finality Date Class Counsel shall remit the funds to the Administrator for distribution as provided for in the Agreement.

C.    If the settlement is not granted final approval then within ten (10) days of an order denying such approval or an appellate order overturning such approval the funds shall be returned to the Funding Defendants.

D.    To the extent of any inconsistency between this provision and Paragraph 5.3 of the Agreement, this Addendum shall control.

Dated: October 1, 2018.

Nicholas Navarroli
For himself and the Class

LVNV Funding, LLC

By: _____

_____
Printed Name          Title

Pinnacle Credit Services, LLC

By: _____

_____
Shabih Siddiqi,
For himself and the Class

_____
Printed Name          Title

_____
Cassandra P. Miller,
Class Counsel

_____
Corinne C. Heggie
Attorney for Defendants

FUNDING ADDENDUM TO CLASS ACTION SETTLEMENT AGREEMENT
PAGE 2

Pursuant to this Addendum the Class Action Settlement is amended to replace Paragraph 5.3 "Distribution of Settlement Funds" with the following Paragraph and Provision:

5.15. ***Distribution of Settlement Funds***. Subject to Approval of the Court, the settlement funds will be distributed as follows:

A.     At least seven (7) days prior to the final Fairness Hearing, the Funding Defendants shall wire all settlement funds required under Section 2.3 of this Agreement to Class Counsel. to be held in trust until the Finality Date.

B.     Upon the Finality Date Class Counsel shall remit the funds to the Administrator for distribution as provided for in the Agreement.

C.     If the settlement is not granted final approval then within ten (10) days of an order denying such approval or an appellate order overturning such approval the funds shall be returned to the Funding Defendants.

D.     To the extent of any inconsistency between this provision and Paragraph 5.3 of the Agreement, this Addendum shall control.

Dated: October 1, 2018.

LVNV Funding, LLC

_____          By:     _____
Nicholas Navarroli
For himself and the Class                   Printed Name           Title

_____          Pinnacle Credit Services, LLC
Shabih Siddiqi,
For himself and the Class           By:     _____

_____                  _____
Cassandra P. Miller,                        Printed Name           Title
Class Counsel
                                    _____
                                    Corinne C. Heggie
                                    Attorney for Defendants

Pursuant to this Addendum the Class Action Settlement is amended to replace Paragraph 5.3 "Distribution of Settlement Funds" with the following Paragraph and Provision:

5.15. **_Distribution of Settlement Funds_**. Subject to Approval of the Court, the settlement funds will be distributed as follows:

A.      At least seven (7) days prior to the final Fairness Hearing, the Funding Defendants shall wire all settlement funds required under Section 2.3 of this Agreement to Class Counsel. to be held in trust until the Finality Date.

B.      Upon the Finality Date Class Counsel shall remit the funds to the Administrator for distribution as provided for in the Agreement.

C.      If the settlement is not granted final approval then within ten (10) days of an order denying such approval or an appellate order overturning such approval the funds shall be returned to the Funding Defendants.

D.      To the extent of any inconsistency between this provision and Paragraph 5.3 of the Agreement, this Addendum shall control.

Dated: October 1, 2018.

LVNV Funding, LLC

By:  _Anne Herthueek_

_Anne Herthueek_ - An Authorized Representative
Printed Name                              Title

_____
Nicholas Navarroli
For himself and the Class

Pinnacle Credit Services, LLC

By:  _K Heatherly_

_Katharine Heatherly_, Authorized
Printed Name              Title      Representative

_____
Shabih Siddiqi
For himself and the Class

_____
Cassandra P. Miller
Class Counsel

_Corinne Q Haggie_
Corinne Q. Haggie
Attorney for Defendants

FUNDING ADDENDUM TO CLASS ACTION SETTLEMENT AGREEMENT
PAGE 2