IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS NAVARROLI, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| V. | ) ) | CIVIL ACTION NO. 1:17-cv-05373 |
| LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, L.L.C., and FIRSTSOURCE ADVANTAGE, L.L.C., | ) ) ) ) ) | Judge Robert M. Dow, Jr. |
| Defendants. | ) | |

| | | |
|---|---|---|
| SHABIH SIDDIQI, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 1:17-cv-06126 |
| V. | ) ) | Judge Robert M. Dow, Jr. Magistrate Judge Mary M. Rowland |
| DYNAMIC RECOVERY SOLUTIONS, LLC and PINNACLE CREDIT SERVICES, LLC, | ) ) ) | |
| Defendants. | ) | |

**FINAL ORDER AND JUDGMENT**

On April 23, 2019, the above-captioned cases came on for a Final Fairness Hearing on the proposed Class Action Settlement.

In August, 2018, after arms-length negotiations Plaintiffs and Defendants entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under FED. R. CIV. P. 23.

1

On October 1, 2018, the Parties filed the Agreement, together with their Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion") (Dkt. No. 47, in *Navarroli*).

On or about October 2, 2018, within ten days of filing the proposed settlement with the Court, Defendants complied with the requirements of 28 U.S.C. § 1715.

On October 4, 2018, the Court heard the Parties' Preliminary Approval Motion.

On December 11, 2018, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (hereinafter referred to as the "Conditional Certification Order"). Pursuant to the Conditional Certification Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of Plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiffs Nicholas Navarroli and Shabih Siddiqi as the Class Representatives; (iv) appointed Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel for the Class Members; and (v) set the date and time of the Final Fairness Hearing.

On April 23, 2019, a Final Fairness Hearing was held pursuant to FED. R. CIV. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

The Parties have requested final certification of the Settlement Class under FED. R. CIV. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the

Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. <u>CLASS MEMBERS</u>. Pursuant to FED. R. CIV. P. 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of:

> All individuals in the State of Illinois, whose accounts were serviced by Resurgent Capital Services, L.P. ("Resurgent") and to whom, during the Class Period, Resurgent or a collection agency that it engaged sent or caused to be sent collection letter on a time-barred debt which failed to disclose that making a payment on such debt could potentially restart the statute of limitations.

Excluded from the Class are:

    a. any person who is a plaintiff or participating class member (all class members who did not timely exclude themselves from the Class Settlement Agreement) in the action styled Teifeld v.Dynamic Recovery Solutions, LLC and Crown Asset Management, LLC, Case No. 1:17-cv-04072, pending in the United States District Court for the Northern District of Illinois, Eastern Division, currently before the Honorable Sharon Johnson Coleman.

    b. any person who is already subject to an existing release;

    c. any person who has filed for bankruptcy protection under Title 11 of the United States Code as of the date of the Conditional Certification Order;

    d. any Class Member who timely mails a request for exclusion; and

    e. any person who was sent the Letter by or on behalf of any of the companies comprising DEFENDANTS, as that term is defined in Paragraph 1.12 of the Agreement, but whose Letter was returned as undeliverable, based on DEFENDANTS' records; and

      f.      any Class Member who timely mails a request for exclusion.

3.      <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>. Pursuant to FED. R. CIV. P. 23, the Court finally certifies Plaintiffs Nicholas Navarroli and Shabih Siddiqi as the Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel for the Class Members.

4.      <u>NOTICES AND CLAIM FORMS</u>. Class action notices and claim forms were mailed to all of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of FED. R. CIV. P. 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

      a.      The Court further grants Class Counsel's request for the inclusion of the 563 "Deficient Claim Forms" (as defined in the Final Approval Memorandum, Dkt. No. 60 in *Navarroli*) received on or before April 22, 2019, such that those claim forms be included in the settlement as valid and timely claim forms and those claimants will be entitled to receive a pro rata portion of the Class Settlement Funds.

      b.      The Court further grants Class Counsel's request for the inclusion of the 2 "Empty Claim Envelopes" (as described in the Final Approval Memorandum, and Affidavit of Bailey Hughes Dkt. No. 60 in *Navarroli*), such that those claim forms be included in the settlement as valid and timely claim forms and those claimants will be entitled to receive a pro rata portion of the Class Settlement Funds.

5.      <u>FINAL CLASS CERTIFICATION</u>. The Court finds that the Lawsuit satisfies the

applicable prerequisites for class action treatment under FED. R. CIV. P. 23, namely:

    a.    the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    b.    there are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c.    the claims of the Plaintiffs are typical of the claims of the Class Members;

    d.    the Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    e.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6.    The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' alleged claims; the strength of Defendants' alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; the limited amount of any potential total recovery for the Class; and the fact that Defendants are paying over 100% of the maximum statutory damages allowed by law for an alleged violation that may not result is such an award following a contested trial.

7.    <u>OBJECTIONS AND EXCLUSIONS</u>.  The Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member objected to the settlement. The Class Members who made valid and timely requests for exclusion are excluded from the

class and settlement and are not bound by this Order.  There are 15 such persons identified as:

    (1)    Carmelina Mazzulla of Wheeling, IL

    (2)    Sonia Bravo of Hoffman Estates, IL

    (3)    Willie Wesley of Dolton, IL

    (4)    Andria Flerick of Joliet, IL

    (5)    Karen Mckee of Homer Glen, IL

    (6)    Rhonda Colgan of Hinckley, IL

    (7)    Shaun Brennan of Plano, IL

    (8)    Leona Thomas of Chicago, IL

    (9)    Kissandra Starks of Chicago, IL

    (10)    Konstantine Ress of Chicago, IL

    (11)    Rolando Farfan of Chicago, IL

    (12)    Loren Redding of Grayslake, IL

    (13)    James Fairchild of Northfield, IL

    (14)    Dennis Wagner of Schaumburg, IL

    (15)    Darlene Miller of Topeka, IL.

8.    This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the Class.

9.    <u>SETTLEMENT TERMS</u>.  The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is hereby granted final approval and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  Upon the occurrence of the finality of this order the parties shall carry out their remaining obligations under the agreement.

10.    <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>.  The individual and class Releases set forth in the Agreement are hereby approved.  Pursuant to the releases contained in the Agreement, the Released Claims are hereby compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

11.    Plaintiffs, the Class Members, and all of their heirs, executors, administrators,

successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth in the Agreement.

12. This Action is hereby dismissed with prejudice as to all other issues and as to all parties and claims.

13. This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

14. The parties are granted leave to file a Corrected Settlement Agreement and Addendum to complete the record and correct the previous Agreement filed on October 22, 2018 (Dkt. No. 51 in *Navarroli*) which inadvertently omitted page 19 of the Agreement.

IT IS SO ORDERED.

Dated: 4/24/2019.

_____
HON. ROBERT M DOW, JR.
UNITED STATES DISTRICT JUDGE